# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

|  |  |
|---|---|
| Tarlok Singh,<br><br>         Plaintiff,<br><br>    -against-<br><br>Bank of America N.A.; Equifax Information Services LLC;<br><br>         Defendants. | Index No.: 703486/2025<br><br>**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT** |

  **PLEASE TAKE NOTICE THAT** the enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

  **PLEASE TAKE FURTHER NOTICE** that to avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgement part of this form and mail back in the enclosed self-addressed prepaid envelope provided, or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it.

  You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire. If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the within documents in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you. If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint, petition, or subpoena. The time to answer a summons and complaint expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

  If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Please Check One Of The Following; If #2 Is Checked, Complete As Indicated:

1. [X] I am not in military service.

2. [ ] I am in military service, and my rank and branch of service are as follows:

Rank: _____

Branch of Service: _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS:**

I affirm the above as true under penalty of perjury that I received a summons and complaint/ or summons and notice/ or notice of petition and petition/ or subpoena duces tecum/ ad testificandum (strike out inapplicable terms) in the above-captioned matter at (insert address).

Dated: _____

_____
Signature

_____
Print Name

Equifax Information Services LLC____
Name of Defendant

_____
Position with Defendant

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 4 of 24 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Tarlok Singh, | Index No.: 703486/2025 |
| Plaintiff, | |
| -against- | **SUMMONS** |
| Bank of America N.A.; Equifax Information Services LLC; | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Queens County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

Case 1:25-cv-01317-HG   Document 1-1   Filed 03/07/25   Page 5 of 24 PageID #: 9

Dated: Brooklyn, New York
February 5, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Tarlok Singh

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:     **BANK OF AMERICA N.A.**
C/O CT Corporation System
28 Liberty Street
New York, New York 10005

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Tarlok Singh,

                    Plaintiff,

          -against-

Bank of America N.A.; Equifax Information Services LLC;

                  Defendants.

Index No.: 703486/2025

**COMPLAINT**

        Plaintiff Tarlok Singh (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants named herein (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

        1.    Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

        2.    Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information [...]" 15 U.S.C. § 1681.

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 7 of 24 PageID #: 11

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id*.

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

**PARTIES AND VENUE**

6.      Plaintiff is an individual and resident of the State of New York, County of Queens.

7.      Defendant Bank of America N.A. ("Bank of America") is a national banking association and has a principal place of business located at 100 North Tryon Street, Suite 170, Charlotte, North Carolina 28255, and New York headquarters located at One Bryant Park, 115 West 42nd Street, New York, New York 10036. Bank of America is one of the largest financial institutions in the United States, providing a wide range of financial services, including banking, investment and mortgage products.

8.      Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a wholly owned subsidiary of

Equifax Inc. Equifax is one of the three national consumer reporting agencies ("CRA") recognized by the Federal Trade Commission ("FTC").

9.  Venue in this country is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

10.  Around November 2024, Plaintiff undertook a review of his credit situation and was alarmed to discover inaccurate reporting of a Bank of America account ("Bank of America Account") on his credit report.

11.  The account information is as follows:

- Creditor: Bank of America

- Account No. 549035731418****

- Opened: August 22, 2008

- Date of Payment: February 20, 2021

12.  Equifax's credit report erroneously reflects a 30-day late payment status for the months of July and August 2023, despite the fact that the Bank of America Account had been fully paid and satisfied as of February 20, 2021.

13.  The balance reported on this paid account is inaccurate, as the Plaintiff settled the debt on February 20, 2021, and no outstanding balance remains. Consequently, the account should be accurately reported as paid in full.

14.  On December 4, 2024, Plaintiff sent a Notice of Dispute to Equifax, formally requesting an investigation into the inaccurate reporting and demanding the removal of the erroneous payment status, with the account to be corrected to reflect its paid status. A true and

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 9 of 24 PageID #: 13

accurate copy of the Notice of Dispute is annexed as **Exhibit A**.

15.     On January 22, 2025, Plaintiff called Bank of America and confirmed with a bank representative that the last payment was on February 20, 2021, and that the account had been closed since January 2021.

16.     The incorrect payment remarks on Plaintiff's credit report and erroneous reporting are not only misleading but also frustrating, as they adversely affect Plaintiff's creditworthiness.

## <u>VIOLATIONS OF THE FCRA</u>
### (15 U.S.C. § 1681, *et seq.*)

17.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

18.     Plaintiff is a consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

19.     Bank of America is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

20.     Bank of America is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

21.     Subpart E of regulation V, the FCRA's implementing regulation, applies to furnishers of information including Bank of America. *See* 12 C.F.R. §§ 1022.1, 1022.40.

22.     Equifax is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

23.     Equifax qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis." *See* 15 U.S.C § 1681a(p).

### COUNT I
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681n)
### *AS TO BANK OF AMERICA*

24.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors". *See* 15 U.S.C. § 1681s-2(a)(1).

26.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate". *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

27.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

28.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

29.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies

and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

30.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

31.     Bank of America reported inaccurate account information regarding Plaintiff's Bank of America Account to Equifax which was incorporated into Plaintiff's credit file and credit reports issued by Equifax.

32.     The inaccurate information includes the omission of relevant data, such as positive/timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances.

33.     Upon information and belief, Bank of America received a notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to Equifax.

34.     Bank of America deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Bank of America Account has caused Plaintiff to suffer damages, including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

35.     As a result of Bank of America's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681n.

Case 1:25-cv-01317-HG   Document 1-1   Filed 03/07/25   Page 12 of 24 PageID #: 16

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *AS TO BANK OF AMERICA*

36.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37.     After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by Equifax, Bank of America thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to Equifax regarding Plaintiff's Bank of America Account, in violation of 15 U.S.C. § 1681s-2.

38.      Bank of America "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

39.     Bank of America furnished inaccurate information regarding Plaintiff's Bank of America Account to Equifax, which was incorporated into Plaintiff's credit file and credit reports. Bank of America knows or should have known, had they conducted the required investigation, that the information they furnished to Equifax was inaccurate.

40.     As a compiler and furnisher of consumer information concerning Plaintiff's Bank of America Account, Bank of America had a duty to ensure the accuracy of any such information furnished to Equifax, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

41.     Upon information and belief, Bank of America has further negligently persisted in reporting inaccurate information to Equifax without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

42. Accordingly, Equifax have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

43. Bank of America's negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Bank of America has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

44. As a result, of Bank of America's negligent conduct in violation of the FCRA, Plaintiff has been damaged and its entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys and costs incurred.

## COUNT III
### Willful Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681n)
#### AS TO EQUIFAX

45. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

46. "Whenever a a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

47. Equifax received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

48. Despite receipt of the foregoing, Equifax deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning

Plaintiff's Bank of America Account.

49.     Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, Equifax failed and refused to properly review it, and further failed and refused to contact Plaintiff or Bank of America for any additional information that would assist in a reasonable investigation.

50.     Accordingly, Equifax continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

51.     Equifax failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

52.     As a result of Equifax willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

## <u>COUNT IV</u>
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*As To Equifax*

53.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

54.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, Equifax failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Bank of America Account.

55.     Accordingly, Equifax continued producing credit reports for Plaintiff containing

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 15 of 24 PageID #: 19

inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

56.    As a result of Equifax negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681o.

### COUNT V
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*As To Equifax*

57.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

59.    This investigation must be completed within thirty (30) days of Equifax receipt of the Notice of Dispute. *See id.*

60.    Equifax must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

61.    "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in the paragraph (1)(A)

with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

62.     Within five (5) business days of completing a reinvestigation, Equifax must provide the consumer with written notice of the results and additional statutory notices.

63.     Upon receipt of Plaintiff's Notice of Dispute, Equifax deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Bank of America Account.

64.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, Equifax failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

65.     Upon information and belief, Equifax also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

66.     Equifax further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

67.     Equifax failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

68.     As a result of Equifax willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

## COUNT VI
### Negligent Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681o)
### *As To Equifax*

69.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

70.     Upon receipt of Plaintiff's Notice of Dispute, Equifax had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Bank of America Account.

71.     Equifax failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

72.     Equifax failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or Bank of America for any additional information that would assist in a reasonable investigation.

73.     Equifax failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

74.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

75.     As a result of Equifax negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681o.

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 18 of 24 PageID #: 22

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

76.      Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

77.      Sections 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

78.      Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

79.      Bank of America is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

80.      Equifax is a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

### COUNT VII
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
*AS TO BANK OF AMERICA*

81.      Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

82.      The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

83.      As a result of Bank of America knowing and willful introduction of false information regarding Plaintiff's Bank of America Account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

Case 1:25-cv-01317-HG   Document 1-1   Filed 03/07/25   Page 19 of 24 PageID #: 23

84.     As a result of Bank of America foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred.

**COUNT VIII**
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
*AS TO EQUIFAX*

85.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

86.     Pursuant to GBL § 380-f(a):

> *If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

87.     If, after conducting the re-investigation, Equifax can no longer verify an item, or confirms an error, Equifax must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports" and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

88.     Further "if any item disputed and reinvestigated is found to be in error or can no longer verified, upon completion of the reinvestigation of all items disputed, Equifax shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an

Case 1:25-cv-01317-HG    Document 1-1    Filed 03/07/25    Page 20 of 24 PageID #: 24

explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

89.    Upon receipt of Plaintiff's Notice of Dispute, Equifax were obligated to investigate Plaintiff's claims, notify Plaintiff of the result of the investigation, and fulfill any additional requirements of GBL § 380-f.

90.    Equifax failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

91.    Upon information and belief, Equifax further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

92.    As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and other actual damages.

93.    Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

94.    Equifax is further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
February 5, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Tarlok Singh

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

# EXHIBIT A

**Certified Mail Tracking Information**

**Name: Tarlok Singh**
**Date sent: 12/04/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765455633679

## __Notice of Dispute__

**Tarlok Singh**
130-38 144th Street FL1
Jamaica, New York 11436
Date of Birth: 11/16/█████
SS#: 5709

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

12/04/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   BK OF AMER
   Account Number: 549035731418****
   The payment history on this paid account is reporting inaccurately because the debt was paid and satisfied as of February 20, 2021, but there are 30-day late remarks reporting in July and August 2023. How can there be late remarks in 2023 when the account was paid and closed as of February 2021? This inaccurate payment history is misleading and damaging to my credit. Please investigate this issue and either remove this account from my credit report or update the payment history to stop reporting as of February 2021 immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Tarlok Singh